## POWELL *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An insolvent debtor in actual custody, who is a merchant or trader, may be discharged from *imprisonment*. without depositing his books in court, when there is no opposition by his creditors to his *cessio bonorum*.

This is an application to the court by the plaintiff, who was a retail dealer in the city of New-Orleans, for the benefit of the insolvent law, of March 25th, 1808, relating to debtors in actual custody.

The plaintiff having been imprisoned at the instance of a creditor, filed his schedule in court, and prayed to be allowed the benefit of the insolvent laws, on surrendering his property to his creditors, and to be discharged from imprisonment and from all his debts.

On the day appointed, many of the creditors came and signed a discharge as prayed for, and none made opposition.

The insolvent then filed a written assignment of all his property and effects to such persons as his creditors might name as trustees or syndics, for their benefit; and his counsel moved the court for his discharge.

EASTERN DIST.
*April,* 1838.

POWELL
*vs.*
HIS CREDITORS.

After consideration, the district judge refused to grant the discharge as prayed for, because it appeared from the evidence and proceedings, that the insolvent was a merchant or trader, and that he had not deposited his books in court, as required by law, and which was necessary to enable the court to judge of the fairness and regularity of his accounts and books, &c.

The judge refused to grant the discharge, and the insolvent appealed.

*Ives,* for the appellant.

*Carleton, J.,* delivered the opinion of the court.

This is an application for the benefit of the act for the relief of insolvent debtors, of March 25th, 1808.

All the creditors who appeared, consented to the discharge of the petitioner. The judge, nevertheless, *ex officio,* remanded him to prison, being of opinion, as he states in his judgment, that the petitioner was a merchant or trader, and had neglected to deposit his books in court for examination, and that the claims of the creditors were not strictly proved.

An insolvent debtor in actual custody, who is a merchant or trader, may be discharged from *imprisonment,* without depositing his books in court, when there is no opposition by his creditors to his *cessio bonorum.*

As no question, touching the discharge of the insolvent from his debts, can arise on the proceedings, our view of the case is limited to his discharge from imprisonment only ; and we think, that, inasmuch as none of the creditors made any opposition, and that Allen & Co., at whose instance he was imprisoned, consented to his discharge, there exists no good reason why he should not be released accordingly.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, that the petitioner, Alexander Powell, be discharged from imprisonment, and that the costs in both courts be borne by the effects surrendered to his creditors.